UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER J. HONG, <br><br> Defendant. | CASE NO. CR19-5210 BHS <br><br> ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE |

This matter comes before the Court on Defendant Alexander Hong's ("Hong") motion to modify sentence. Dkt. 4. The Court has considered the pleadings filed in support of and in opposition to the motion, the recommendation of United States Probation Officer, and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL & PROCEDURAL BACKGROUND

On October 25, 2017, Hong pled guilty to one count of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 21 U.S.C. § 846 pursuant to an indictment filed in the District of Nevada. Dkt. 2.

On November 27, 2018, the Honorable Richard F. Boulware sentenced Hong to a four-year period of probation. Dkt. 2-3. As a condition of probation, Judge Boulware ordered Hong to serve 32-weeks of intermittent confinement in custody, with the specific

requirement to serve "three consecutive weeks" each month beginning in January 2018. *Id.* When imposing intermittent confinement on Hong, Judge Boulware considered (1) Hong's need to operate a local family restaurant which supports Hong, his significant other and child, and his mother and (2) the fact of Hong's father's recent passing. *See* Dkt. 4, Declaration of Bradley G. Barshis, ¶ 4.

Hong transferred his probation to this District in May 2019. Dkt. 1. On June 3, 2019, United States Probation Officer Todd Skipworth ("Officer Skipworth") petitioned the undersigned to strike the condition requiring three *consecutive* weeks of incarceration each month. Dkt. 3. Officer Skipworth explained that Hong operates a family restaurant and is also a real estate agent and that the basis of the request was to better accommodate Hong's sources of income. *Id.* The undersigned approved the modification. *Id.* As modified, Hong's condition of intermittent confinement now reads as follows: "You must serve a total of 32 weeks of intermitted confinement in custody. . . . You shall serve three consecutive weeks each month, **or as directed by the probation officer** . . ." *Id.*

On July 9, 2019, Hong filed a motion to modify the probation sentence by converting the remainder of his confinement time to home detention. Dkt. 4. Regarding the basis of the request, Hong writes in an unsworn letter that he experienced hardship running the restaurant while he was incarcerated during December and January. Dkt 4 at 5 ("During those two months my business has also endured an L&I claim/audit, theft from employees, equipment failure and major decrease in sales.").

Officer Skipworth filed a response with the Court opposing the request because Hong received a sentence considerably less than the original guideline imprisonment

range of 37 to 46 months. On July 12, 2019, the United States of America ("the Government") responded. Dkt. 7. The Government also opposes the request. *Id.*

## II. DISCUSSION

Hong asks the Court to modify his probation sentence by converting the remainder of his confinement to home detention. Dkt. 4. District judges may "modify . . . the conditions of a sentence of probation at any time pursuant to . . . the provisions applicable to the initial setting of the conditions of probation." 18 U.S.C. § 3563(c). The Court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) when setting the initial conditions of probation. 18 U.S.C. § 3562(a).

Section 3553(a) requires sentencing courts to impose a sentence that is "sufficient, but not greater than necessary" while considering factors like the seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment, afford adequate deterrence, and avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Upon careful review of the motion, the Court concludes that a probation sentence of 32 weeks of intermittent confinement is sufficient but not greater than necessary to accomplish the goals of the sentencing statute as set forth in § 3553(a). First, the Court notes that Hong relies heavily on hardships he experienced running the restaurant while the "three consecutive weeks" condition was still imposed. Dkt. 4 at 5. Moreover, while Hong continues to emphasize his father's death in connection to the difficulty he faces running the restaurant, perhaps understandably, Judge Boulware already considered the impact of the loss of Hong's father on his ability to run the restaurant when he imposed

the below-guideline sentence of probation. While Hong does state that he has fallen behind on tasks such as payroll and scheduling, *see id.*, the Court finds the modification approved by the undersigned on June 3 sufficient to negate the hardship serving three consecutive weeks of incarceration may have on performing those types of management tasks. For example, Officer Skipworth indicates that after the Court approved the modification, Officer Skipworth changed Hong's surrender and release dates at Hong's request. This action benefitted Hong, but he does not mention it or his newfound flexibility in the motion, which, when considered in connection to the lack of current hardship alleged, merits denial of the request. Therefore, the Court concludes that Hong fails to allege hardship sufficient to justify converting the remainder of his incarceration to home detention, and the motion is denied.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Hong's motion to modify sentence, Dkt. 4, is **DENIED**.

Dated this 24th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge